

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,443

**EX PARTE RANDALL LOUIS MCCOY, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. B-16,777A IN THE 173RD JUDICIAL DISTRICT COURT
### FROM HENDERSON COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to escape and was sentenced, pursuant to a plea agreement, to five years' imprisonment. He did not appeal his conviction.

Applicant contends that his plea agreement was breached because he is not receiving all the pre-sentencing jail time credit he was awarded on the judgment. The specific amount of pre-sentencing jail time credit was an affirmative element of the plea agreement in this case. The amount

of time with which Applicant was to be credited was more than the time he spent in jail on this particular charge, although Applicant may have been in jail pursuant to another charge that was taken into consideration in sentencing for this case. The Texas Department of Criminal Justice cannot give Applicant credit for jail time served prior to the commission of the offense for which he is presently incarcerated. *See* TEX. CODE CRIM. PROC. art. 42.03 §2(a). Applicant's plea bargain is unenforceable, and the State agrees that he is entitled to relief.

Relief is granted. The judgment in Cause No. B-16,777 in the 173rd Judicial District Court of Henderson County is set aside, and Applicant is remanded to the custody of the Sheriff of Henderson County to answer the charge against him.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: November 3, 2010
Do Not Publish